William ARTZ, on Behalf of himself and all others similarly situated, Plaintiff,

v.

The FAIRBANKS COMPANY, the Fairbanks Company Retirement Board, and Aetna Life and Casualty, Defendants.

No. 85–CV–1584.

United States District Court, N.D. New York.

July 25, 1986.

As Amended Sept. 12, 1986.

Leonard Bailin, P.C., New York City, for plaintiff; Leonard Bailin, William Seplowitz, of counsel.

Hinman, Howard & Kattell, Binghamton, N.Y., for defendants; C. Addison Keeler, Jr., Albert J. Millus, Jr., of counsel.

## MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

This action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") was originally commenced in the Southern District of New York on June 3, 1985. By Order of the Honorable Kevin T. Duffy dated November 20, 1985, this case was transferred to this district. Jurisdiction herein is predicated upon 29 U.S.C. § 1132(a)(1) and (e).

Plaintiff William Artz was employed by defendant The Fairbanks Company ("Fairbanks") from January 1, 1976 to some time in September 1984. During his tenure, the plaintiff, like all salaried employees of Fairbanks, was a participant[1] in the Fairbanks Company Retirement Plan (the "Plan").[2] Although Fairbanks sponsors and administers the Plan,[3] defendant Aetna Life and Casualty maintains the Plan's assets and records. The Fairbanks Company Retirement Board, also named as a defendant herein, is the fiduciary of the Plan.[4]

Under the terms of the Plan, a participant's right to employer contributions on behalf of the participant does not become fully vested until the participant has been employed by Fairbanks for fifteen years. The Plan also provides, however, that when a participant is terminated in connection with a "partial termination" of the Plan, the participant's right to employer contributions to the Plan on his behalf vests regardless of the participant's length of employment with Fairbanks. Inclusion of this provision in the Plan is mandated by 26 U.S.C. § 411(d)(3) which provides:

[A] trust shall not constitute a qualified trust under section 401(a) unless the Plan of which such trust is a part provides that—

(A) upon its termination or partial termination, . . .

the rights of all affected employees to benefits accrued to the date of such termination, [or] partial termination, . . . to the extent funded as of such date, or the amounts credited to the employees' accounts, are nonforfeitable. . . .

Some time prior to the plaintiff's termination in this case, Fairbanks, a company consisting of two distinct divisions—a valve division and a products handling division—decided to eliminate its entire valve division. This decision was implemented in September 1984, at which time all employees in the valve division, as well as other employees whose functions were substantially linked to the valve division, were terminated.[5] Soon after his termination, the plaintiff wrote a letter to the president of Fairbanks requesting information concerning the benefits due him under the Plan. By letter dated February 8, 1985, the plaintiff was informed that because he had not been with Fairbanks for fifteen years, he had no right to any contributions made to the Plan by Fairbanks on his behalf.

Dissatisfied with this turn of events, the plaintiff commenced this action, styled as a class action on behalf of all participants in the Plan who were terminated in connection with Fairbanks' elimination of its valve division, to recover benefits due him, to enforce his rights, and to clarify his rights to future benefits under the Plan, and to impose a penalty on the defendants for failing to provide accurate information to plan participants. 29 U.S.C. § 1132(a)(1) and (c). After commencement of this action, Fairbanks determined that a partial termination of the Plan had occurred in connection with the elimination of its valve division. It subsequently notified the plaintiff of this determination and conceded that all participants in the Plan who were termi-

---

1. *See* 29 U.S.C. § 1002(7).

2. The Plan is a "qualified pension plan" within the meaning of 26 U.S.C. § 401.

3. *See* 29 U.S.C. § 1002(16)(A) & (B).

4. *See* 29 U.S.C. § 1102(a)(2).

5. Although the record is not entirely clear, it appears that the plaintiff was not employed solely in the valve division but was terminated when the division was eliminated.

nated in connection with the elimination of the valve division were entitled to receive the contributions made to the Plan by Fairbanks on their behalf regardless of their length of employment. Fairbanks also provided the plaintiff with a list of former employees who fit this description.

By the present motion, the plaintiff seeks certification of a class under Rule 23 of the Federal Rules of Civil Procedure. In connection with this motion, the plaintiff maintains that Fairbanks' list of plan participants affected by the partial termination of the Plan is incomplete. The defendants dispute this contention and further contend that because they have conceded that a partial termination occurred, the principal controversy herein has been resolved and the plaintiff's penalty claim has been mooted. The plaintiff disagrees with this characterization of his claims and argues that the issue of penalties is appropriate for class resolution.

■ At the outset, the Court believes that the unresolved issues in this action should be dealt with in the context of a class action. The defendant has conceded that there are in excess of forty potential class members, a sufficient amount to make joinder impracticable.[6] Moreover, the plaintiff has convinced the Court that "there are questions of law or fact common to the class," the plaintiff's remaining claims are typical of the claims of the class, and the plaintiff and his counsel will "fairly and adequately protect the interests of the class." Fed.R.Civ.Pro. 23(a). Contrary to the defendants' assertion, their concession concerning the occurrence of a partial termination does not fully and finally resolve the question of liability. The Court must still determine who was "affected" by the partial termination and what their rights are to present and future benefits. In all likelihood these matters are clearly set forth in the Plan; however, the Court will not presume this to be the case at this time.

Finally, the nature of this action and the relatively small amounts at issue with regard to each potential class member, as well as the predominance of common questions of law or fact over questions affecting individual members, indicate that a class action is the fairest and most efficient method of adjudicating this matter. *Id.* 23(b)(3).

More troublesome, however, is the Court's task of defining an appropriate class. Although there is some authority concerning the question of when a partial termination occurs, this Court has been unable to locate any authority addressing the question of who is "affected" by a partial termination within the meaning of 26 U.S.C. § 411(d)(3). In this regard, the plaintiff argues that any participant in the Plan who was terminated during the time period that Fairbanks was considering eliminating and in fact eliminating its valve division was affected by the partial termination regardless of whether the participant was in any way connected with the valve division. The defendants, on the other hand, urge the Court to adopt a narrower view of the term "affected", limiting its application to those plan participants who were either employed in or directly linked to the valve division and who were terminated at or about the time the division was eliminated. In the view of the Court, this is the proper interpretation of 26 U.S.C. § 411(d)(3).

■ It is clear from the language of the statute that the phrase "affected employees" means employees affected by the partial termination. With regard to determining whether a partial termination has occurred, the Second Circuit has stated:

> The several published IRS rulings in which the Secretary has applied these regulations make clear that the dismissal of a "significant number of employees" *in connection with a major corporate*

---

**6.** It is likely that most of the potential class members reside within this district. Nevertheless, some could be scattered throughout the country at Fairbanks' other locations and others who were within this district could have relocated. This uncertainty weighs against joinder and in favor of this case proceeding as a class action. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 1762, at 600 n. 70 (1972).

*event* constitutes a partial termination.... Moreover, this approach to defining "partial termination"—*viz.*, focusing on the number of employee terminations made in connection with significant corporate or plan events—is supported by the House and Senate Committee Reports that accompanied the various drafts of ERISA....

*Weil v. Retirement Plan Administrative Committee,* 750 F.2d 10, 12 (2d Cir.1984) (citations omitted and emphasis in original). From these general principles, it follows that when a partial termination occurs in connection with a *major corporate event,* like Fairbanks' elimination of its valve division, the scope of the partial termination may be determined by reference to the major corporate event. Thus, employees who happen to be terminated at or about the time of a partial termination for reasons totally unrelated to the event giving rise to the termination may not be entitled to the benefits of 26 U.S.C. § 411(d)(3). Of course, such individuals should, and in this case, if there are any, will be given an opportunity to establish their entitlement under the statute.

 At this point, however, the Court has determined that the plaintiff's motion for class certification should be granted only insofar as the following class is certified for purposes of the plaintiff's first cause of action: All participants in the Plan with less than fifteen years of service at Fairbanks whose employment with Fairbanks was terminated between June 16, 1984 and December 13, 1984 in connection with and as a direct result of Fairbanks' elimination of its valve division. This class shall include the list of individuals previously provided by the defendants to the plaintiff. With regard to the plaintiff's second cause of action, the following class is certified: Any individual who is a potential member of the class on the first cause of action and who requested information from the defendants concerning the Plan after being terminated by Fairbanks. Should the need arise at a later time to alter or amend this order, this Court has the authority to do so under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

Within thirty days from the date of entry of this Order, the defendants shall provide plaintiff's counsel with the names and last known addresses of all potential members of the aforementioned classes and plaintiff's counsel shall submit to the Court a copy of a Proposed Notice of Class Certification designed to provide potential class members with the opportunity to indicate whether they wish to be included in the classes certified above, to signify whether they consider their representation fair and adequate, and to intervene and present claims on their own behalf or otherwise come into this action. The notice shall also inform potential class members of the effect of a decision to either participate in or opt out of the classes certified above. Within thirty days after this Court's approval of a form of notice to potential class members, counsel for plaintiff shall send a true copy of said notice by first-class mail to each potential member of the classes at the last known residence address of the particular member.

IT IS SO ORDERED.